DOUCET, Judge.
This appeal arises out of a suit on a promissory note.
In 1984, J. Minos Simon signed as surety for Thomas Baker, who was borrowing $10,000.00 from Breaux Bridge Bank & Trust Co. (BBB & T). Baker defaulted on the debt. In order to discharge his surety obligation, on December 16, 1985, Simon executed a promissory note in favor of BBB & T in payment of the Baker note.
Simon decided, upon the advice of his certified public accountant, to pay the amount owed under the note before the end of the tax year. On December 27, 1985, Simon went to Norman Landry, the President of BBB & T, and told Landry that he was going to pay out his indebtedness under the December 16, 1985 note. He offered to pay either in cash or by giving over to BBB & T a promissory note dated April 16, 1984, in the amount of $10,647.14, bearing interest at the rate of 12% per annum. The note had been executed by Russell Landry and represented a debt due to Simon. Norman Landry accepted the Landry note in payment of Simon’s debt to BBB & T. However, Simon’s note was never cancelled or returned to him.
On September 18, 1987, BBB & T filed this suit against Simon in an attempt to collect under the terms of Simon’s December 16, 1985 note. Simon answered pleading payment. Upon its own motion, the Federal Deposit Insurance Corp. (FDIC) was substituted as plaintiff in place of BBB & T in the suit against Simon. A trial was held on February 23, 1989. The trial judge rendered judgment in favor of the FDIC. Simon appeals.
The trial judge, in reaching his decision, apparently relied on the provisions of 12 U.S.C. 1823(e) which provides in pertinent part that:
“No agreement, which tends to diminish or defeat the right, title or interest of the corporation [FDIC] and any asset acquired by it under this Section, either as security for a loan or by purchase, shall be valid against the corporation unless such agreement,
(1) Shall be in writing,
(2) Shall have been executed by the bank and person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank,
(3) Shall have been approved by the Board of Directors of the Bank or its Loan Committee, which approval shall be reflected in the Minutes of said Board or Committee, and
(4) Shall have been continuously, from the time of its execution an official record of the bank.”
Generally, performance of an obligation by the obligor extinguishes the obligation. La.C.C. art. 1854. The FDIC has not disputed Simon’s contention that payment of the indebtedness underlying the note was made, nor have they disputed the fact that the payment made exceeded in value the amount of the indebtedness. The burden of proving payment is on the party who pleads that defense. The record reflects that Simon established the fact of payment and its value through uncontradicted testimony and evidence. Once this was proven, the burden of proof shifted back to the FDIC to show why the payment was ineffective to cancel the debt.
The FDIC has argued, both here and at trial, that the payment was in violation of the provisions of 12 U.S.C. 1823(e) and is, therefore, invalid. FDIC has argued that the payment violated 12 U.S.C. 1823(e) because
1) it was not in writing
2) it was executed by Norman Landry without the authority of BBB & T
3) they found no minutes of meetings of the loan committee or Board of Directors, therefore, approval was not reflected in the minutes
4) they found no evidence of payment in the official records of the bank.
The FDIC produced testimony at trial tending to prove each of these points. However, they have failed to overcome the threshhold issue in applying 12 U.S.C. 1823. They have failed to show that the payment made by Simon “tends to diminish or de *158 feat the right, title or interest” of the FDIC in an asset acquired by it. The FDIC in argument asserted that the note given in payment was unenforceable. There is nothing in the record to support this assertion. In fact, the record reflects that the value of the thing received in payment exceeded the amount of the debt. Therefore, the agreement augmented rather than diminished the interest of the FDIC. As a result, the FDIC has failed to carry its burden of proving that 12 U.S.C. 1823 applies in this situation. Since Simon has successfully proven payment of the debt sued upon, he is entitled to judgment dismissing plaintiff’s suit.
Accordingly, the judgment of the trial court is reversed. Judgment is rendered in favor of defendant, Simon, and against the plaintiff, FDIC. All costs of these proceedings are to be paid by the plaintiff.
REVERSED AND RENDERED.